IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANDREA L.,<br><br>  Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,<br><br>Commissioner of Social Security,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS TO PLAINTIFF<br><br>Case No. 2:19-cv-000009-CMR<br><br>Magistrate Judge Cecilia M. Romero |

  Plaintiff Andrea L. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of the Social Security Administration (Commissioner) denying her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act (the Act). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on February 28, 2020, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free of harmful legal error and is, therefore, AFFIRMED.

### I.  STANDARD OF REVIEW

  This court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether the decision of the Commissioner is supported by substantial evidence in the record as a whole. *Cowan v. Astrue*, 552 F.3d 1182, 1184–85 (10th Cir. 2008). It requires more than a scintilla, but less than a preponderance. *Zoltanski v. F.A.A.*, 372 F.3d

1195, 1200 (10th Cir. 2004). The court's role is not to reweigh the evidence or substitute its judgment for that of the Commissioner. *Cowan*, 552 F.3d at 1185. Rather, the court must determine whether the Commissioner's final decision is "free from legal error and supported by substantial evidence." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citation and internal quotation marks omitted). However, the federal "harmless error" statute, 28 U.S.C. § 2111, instructs courts to review cases for errors of law without regard to errors that do not affect the parties' substantive rights. *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009). "[M]erely technical omissions in the ALJ's reasoning do not dictate reversal. In conducting [its] review, [the court] should, indeed must, exercise common sense. The more comprehensive the ALJ's explanation, the easier our task; but we cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

## II. BACKGROUND

Plaintiff was 41 years old on her original disability onset date of September 1, 2012 and on her amended onset date of March 25, 2013 (ECF 8, Certified Administrative Transcript (Tr.) 85). She initially alleged disability due to nerve damage, muscle spasms, severe headaches, disc compression (Tr. 85). On reconsideration, she also alleged disability due to anxiety and depression (Tr. 110, 116). She had neck surgery in March 2013 (Tr. 324) and a revision surgery in September 2013 (Tr. 329).

The ALJ followed the five-step sequential evaluation process for evaluating disability claims (Tr. 12–25). *See generally* 20 C.F.R. § 404.1520(a)(4). The ALJ determined that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine status post two surgeries, Raynaud's phenomenon, major depressive disorder, traumatic brain injury, and generalized anxiety disorder (Tr. 15). The ALJ considered her "back disorder" under Listing

2

1.04, her Raynaud's phenomenon under the immune system listings identified in 14.00, and her mental impairments under listings 12.02, 12.04, and 12.06 and paragraph B and C criteria (Tr. 15–17). The ALJ found that none of these listings were met. Next, the ALJ determined she had the RFC to perform light work with additional mental limitations (Tr. 17). At step four, the ALJ found that, given this RFC, she was unable to perform her past relevant work as a medical assistant or receptionist (Tr. 23). However, at step five, the ALJ determined that she could perform other work as an office helper, mail clerk, or marker, which are light unskilled work (Tr. 22). The ALJ therefore concluded that she was not disabled and denied disability benefits (Tr. 24–25).

## III. DISCUSSION

### A. *Step One*

Plaintiff argues that the ALJ erred in finding that she was not engaged in substantial gainful activity (SGA) after September 2012, because Plaintiff continued to work at the SGA-level through March 2013 (ECF 16, Opening Brief at 23). The Court finds this error harmless because the ALJ resolved step one in her favor (Tr. 15) and went on to assess her residual functional capacity. Thus, Plaintiff cannot show she was prejudiced. *See Sanders*, 556 U.S. at 409 (explaining that "the party that seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted" (citations and internal quotation marks omitted)).

### B. *Step Three*

Plaintiff next argues that the ALJ erred at step three because she considered whether Plaintiff's low back impairment met or equaled Listing 1.04, instead of considering whether her neck impairment met or equaled Listing 1.04A, asserting that there is evidence that Plaintiff's

neck met Listing 1.04A (Opening Brief at 15–19). The Listings, found at 20 C.F.R. pt. 404, subpt. P, app. 1, "define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just substantial gainful activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original) (citation and internal quotation marks omitted). "[T]he listings were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Id.* "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Id.* at 530 (emphasis original). "[T]he evidence must show that [a claimant's] impairment(s) has lasted or can be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1525(c)(4).

To meet the Listing 1.04, the listing for disorders of the spine, a claimant must show evidence of (A) nerve root compression; (B) spinal arachnoiditis; or (C) lumbar spinal stenosis. 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04. Listing 1.04A specifically requires evidence of nerve root compression characterized by:

- neuro-anatomic distribution of pain,
- limitation of motion of the spine,
- motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and,
- if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

*Id.* § 1.04(A).

At step three, the ALJ found that "[t]he medical evidence does not establish the requisite evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis as required

4

under listing 1.04" (Tr. 15). This finding reflects that although the ALJ did not discuss the specific elements of Listing 1.04A at step three, the ALJ considered Plaintiff's "back disorder" under all subsections of Listing 1.04 (Tr. 15). Further, even if the ALJ considered Plaintiff's low back impairment, rather than her neck impairment at this step (Tr. 15–16), this error was harmless. In *Fischer-Ross v. Barnhart*, the Tenth Circuit held that "an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment." 431 F.3d 729, 733 (10th Cir. 2005). Here, the ALJ extensively discussed Plaintiff's neck impairment in assessing the residual functional capacity, including evidence showing that Plaintiff did not possess all the criteria of Listing 1.04 (Tr. 18–19, *see* Tr. 358 ("intermittent symptoms but at times, she has no pain"), 376–77 (normal strength and normal EMG/NCS)). Thus, the ALJ's error in not explicitly discussing whether her neck impairment met Listing 1.04A is harmless.[1]

Similarly, Plaintiff's argument that the ALJ erred at step three because she found that Plaintiff had both a "mild" and "moderate" limitation in understanding, remembering, and carrying out things, one of the "B criteria," does not warrant remand because it too is harmless (*see* Opening Brief at 19–22). If there is evidence of a medically determinable mental impairment, the ALJ is required to rate the degree of functional limitation it causes in four broad areas: understand, remember, or apply information; interact with others; concentrate, persist, or

---

[1] At the hearing, Plaintiff also raised the argument that she was not required to meet Listing 1.04A for a continuous period of twelve months. This argument is without merit. The definition of loss of function for purposes of the musculoskeletal system listings states that "[t]he inability to ambulate effectively or the inability to perform fine and gross movements must have lasted, or be expected to last, for at least 12 months." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00(B)(2)(a). Moreover, unless a listing states otherwise, "the evidence must show that [the claimant's] impairment(s) has lasted or can be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1525(c)(4).

maintain pace; and adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3). These areas are collectively referred to as the B-criteria. The ALJ uses a five-point scale for each domain: none, mild, moderate, marked, or extreme. *Id.* § 404.1520a(c)(4). An extreme limitation in any domain—or marked limitations in two domains—is inconsistent with the ability to do work. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(b). In contrast, if the ALJ finds "none" or "mild" in all four domains, she will find a claimant's impairments not severe. *Id.* § 404.1520a(d)(1). If the ratings fall in between those two extremes, the ALJ assesses the claimant's residual functional capacity. *Id.* § 404.1520a(d)(3). Here, because neither a mild nor moderate limitation in understanding, remembering, and carrying out things is consistent with a listing-level impairment, any error was harmless. *See Sanders*, 556 U.S. at 409.

## C. *Technical Errors*

Finally, Plaintiff challenges the ALJ's residual functional capacity finding, arguing that a series of small errors undermines the ALJ's finding (Opening Brief at 22–25). As the Tenth Circuit has observed, "Where, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal. In conducting our review, we should, indeed must, exercise common sense. The more comprehensive the ALJ's explanation, the easier our task; but we cannot insist on technical perfection." *Keyes-Zachary*, 695 F.3d at 1166.

Although Plaintiff challenges the ALJ's decision, arguing that the ALJ could not give more weight to non-medical evidence than to medical evidence, Plaintiff has not identified objective evidence to the contrary. *See id.* at 1161 ("We will consider and discuss only those of [plaintiff's] contentions that have been adequately briefed for our review."). Plaintiff also complains that the ALJ misstated Plaintiff's reported pain level as 3 of 10 (Tr. 19), when in fact

she reported that that her pain level is 4 of 10 (Tr. 618, 621), and that the ALJ also misstated that Plaintiff testified she could not drive (Tr. 18), when she testified she could drive but usually did not (Tr. 37). These inconsistencies are minor and do not warrant remand. *See id.* at 1166. The ALJ found Plaintiff capable of unskilled light work, giving a number of good reasons for discounting her subjective complaints and her pain level, including her activities of daily living that involved part-time work and driving (Tr. 20–21), the opinions of the state agency psychologists and physicians (Tr. 22), and a cooperative disability investigation report showing her working and driving in heavy traffic (Tr. 19). Thus, although the ALJ's decision was not technically perfect, a common sense reading shows that the correct legal standards were applied.

## IV. CONCLUSION

When viewed in its entirety, the ALJ's decision is supported by substantial evidence in the record as a whole contains substantial evidence and is free from harmful legal error. As such, Plaintiff's arguments fail as a matter of law. Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

DATED this 27 March 2020.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah